In re Application of Manie KEPHART For Writ of Habeas Corpus.

No. A–12103.

Criminal Court of Appeals of Oklahoma.

Sept. 15, 1954.

Manie Kephart, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Petitioner, Manie Kephart, has filed in this court a petition for a writ of habeas corpus in which it is alleged that petitioner is restrained in the Oklahoma State Penitentiary at McAlester by reason of a sentence of 25 years imposed by the district court of Custer County, in case No. 1630, on a conviction for indecent exposure, said offense having been committed by petitioner after having been convicted of the crime of assault and battery with a dangerous weapon with intent to do bodily harm in case No. 760; after having been convicted of the crime of larceny in case No. 907; and after having been convicted of the crime of indecent exposure, case No. 1327, all in the district court of Custer County.

Petitioner alleges that the sentence assessed in case No. 1630, under which he is presently incarcerated, is illegal and excessive. It is alleged that all the prior crimes for which he was convicted carried a maximum sentence of not more than five years, and that by Section 51, subd. 2, of Title 21, O.S.1951, the maximum sentence that could have legally been imposed would have been not to exceed ten years.

The Attorney General has filed a demurrer to the petition for writ of habeas corpus, setting out that contrary to the contention of petitioner, that the punishment for conviction of indecent exposure may be for a maximum period of ten years.

The pertinent portion of Tit. 21 O.S.1951 § 1021, reads:

"* * * shall be punished by the imposition of a fine not less than Ten Dollars ($10.00) nor more than One Thousand Dollars ($1,000.00) or by imprisonment for not less than thirty (30) days nor more than ten (10) years, or by both such fine and imprisonment."

The Attorney General further points out that sub-division 1 of Section 51, of Title 21, O.S.1951, provides:

"If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years."

From the statutory provision cited it is apparent that there is no merit to the contention of the petitioner. As to the imprisonment, the trial court could have assessed not less than ten years, but was not restricted in assessing a much greater penalty. We must assume, in the absence of the record on appeal, that the court was well justified by the evidence in assessing the penalty of twenty-five years for the reprehensible crime for which defendant was convicted.

The demurrer of the respondent is sustained, and the writ denied.

JONES and BRETT, JJ., concur.